UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NANCY NASH,<br><br>                                    Plaintiff,<br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                                  Defendants. | Case No. 2:14-cv-00382-GMN -PAL<br><br>ORDER<br><br>(Mtn to Produce Docs – Dkt. #26)<br>(Mtn for Appt of Specialists – Dkt. #28)<br>(Mtns to Strike – Dkt. #30, 31) |

This matter is before the court on Plaintiff Nancy Nash's Requests to Produce Documents to Nash's Cell in Infirmary (Dkt. #26) and Request for Appointments with Specified Specialists with Transportation to Appointments (Dkt. #28), both filed January 16, 2015, and Defendants Robert Bruce Bannister's, BeBee Clark's, and Robert Faulkner's Motions to Strike (Dkt. ##30, 31), both filed February 2, 2015. Nash is a prisoner proceeding in this civil rights action pro se and in forma pauperis. The court has considered the Motions.

Plaintiff's Requests to Produce Medical Records (Dkt. #26) seeks copies of Plaintiff's own medical records from various sources. It is unclear whether the records are from specialists Plaintiff saw while in prison or before she was incarcerated. Thus, it appears that she has filed her written discovery requests for documents pursuant to Rule 34 of the Federal Rules of Civil Procedure with the court. Defendants' Motion to Strike (Dkt. #31) seeks an order striking the motion as a discovery document filed in contravention of LR 26-8.

Federal Rule of Civil Procedure 34 provides that a party may serve requests for documents on another party. Fed. R. Civ. P. 34. In addition, Rule 5 provides that service of written discovery requests can be made by simply mailing them to the other party, or its attorney, if the other party is represented by counsel. To the extent Plaintiff is requesting medical records

1

1  from a non-party before her incarceration, she need only contact the healthcare providers to
2  request the records and provide whatever medical release form the providers require to release
3  the records.  If the treatment records relate to care Plaintiff received while incarcerated by the
4  Nevada Department of Corrections, she should serve her requests on the Defendants.  Discovery
5  requests should not be filed with the court.  See LR 26-8.  The court will grant in part
6  Defendants' Motion to Strike the requests.

7  Nash's Motion to Appoint Specialists (Dkt. #28) requests an appointment for a medical
8  physical with "complete and thorough testing, diagnosis and full treatment plan," which she
9  requests be mailed to the court "for proof of denial of treatment of Nash, with transport."  In
10 addition, she requests appointments with seven specialist physicians—including, among others, a
11 pancreatitis specialist, a hematologist, a cardiologist, and an orthopedist—to examine her and
12 evaluate and treat her medical conditions. Plaintiff cites Rule 34 of the Federal Rules of Civil
13 Procedure as support for her request.  However, that rule governs serving and responding to
14 written discovery requests for documents and other tangible items.  It appears Plaintiff is making
15 this request to provide expert proof of her claims in this lawsuit.  Plaintiff is not entitled to
16 appointment of experts at government expense to pursue her lawsuit and has not cited any
17 authority for her request.  If Plaintiff is claiming she needs to see specialists for treatment
18 Defendants are not providing a difference of opinion between a prisoner-patient and prison
19 authorities regarding treatment is not enough to state a claim for a violation of a prisoner's civil
20 rights. *See Franklin v. Oregon*, 662 F 2d 1337, 1344 (9th Cir 1981).

21 Defendants characterize Nash's Motion to Appoint Specialists as a motion for an
22 independent medical examination under Rule 35 of the Federal Rules of Civil Procedure, and
23 seek an order striking it as a discovery document pursuant to LR 26-8.  For the reasons set forth
24 above, the court will deny Nash's Motion to Appoint Specialists.  The court will deny
25 Defendants' request to strike it, however.

26 Finally, Defendants' Motion to Strike (Dkt. #30) seeks an order striking Nash's Objection
27 (Dkt. #27) to the Answer (Dkt. #20) because it is not a pleading permitted by Rule 7 of the
28 Federal Rules of Civil Procedure.  Rule 7 only allows the following pleadings to be filed: a

complaint; an answer to a complaint, counterclaim, or crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Here, the court has not requested a reply to Defendant's answer, and Nash was not permitted to file her objection.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion to Strike (Dkt. #30) is GRANTED, and the Clerk of Court is directed to STRIKE Nash's Objection (Dkt. #27) to Defendant's Answer.
2. Defendants' Motion to Strike (Dkt. #31) is GRANTED IN PART, and Nash's Request for Documents (Dkt. #26) is STRICKEN pursuant to LR 26-8. Defendants' Motion to Strike is DENIED in all other respects.
3. Plaintiff's Motion to Appoint Specialists (Dkt. #28) is DENIED.

Dated this 5th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE