UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NANCY E. NASH, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-0382-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| NEVADA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 36), filed by Defendants Robert Bannister, Beebe Clark, and John Faulkner ("NDOC Defendants"). *Pro se* Plaintiff Nancy Nash filed a response in opposition, (ECF No. 42), [1] and NDOC Defendants replied, (ECF No. 46). For the reasons set forth herein, the Court will grant the Motion.

## I.    BACKGROUND

Plaintiff is an inmate currently housed at Florence McClure Women's Correctional Center in Las Vegas, Nevada. (Compl. ¶ 1, ECF No. 6). The instant case centers upon numerous allegations that Defendants, as employees of the Nevada Department of Corrections, violated Plaintiff's constitutional rights by deliberately withholding necessary medical care.

Specifically, the Complaint alleges that Defendants violated Plaintiff's constitutional rights as articulated in twenty-four separate grievances that Plaintiff filed between June 7, 2010, and October 2, 2013. *See* (*id.* at pp. 11-38). On April 29, 2014, Magistrate Judge Peggy Leen

---

[1] Plaintiff spends most of her Response expressing disagreement with the Court's prior orders dismissing claims and denying Plaintiff's request for appointment of counsel. *See* (Pl.'s Resp. pp. 1-8). Nevertheless, the Court has still reviewed the attached exhibits and has construed all evidence in a light most favorable to Plaintiff. In addition, the Court has liberally construed Plaintiff's filings due to her status as a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

dismissed the claims regarding twenty-one of these grievances with prejudice. (Screening Order, ECF No. 5).

In the three remaining claims, Plaintiff alleges that Defendants violated her rights under the Eighth Amendment by: (1) failing to provide medication to treat her autoimmune diseases, including lupus, rheumatoid arthritis, chronic pancreatitis, multiple sclerosis, and vascular heart disease; (2) failing to provide cystocele surgery; and (3) failing to provide a prescribed vaginal cream. (Compl at pp. 18, 22, 24).

In the instant Motion, NDOC Defendants argue that they are entitled to summary judgment, as Plaintiff has failed to produce evidence demonstrating that her rights were violated in any of these instances.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come

forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

### III. DISCUSSION

Generally, a prisoner's deliberate indifference claims arise from the Eighth Amendment's safeguard against cruel and unusual punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1187-88 (9th Cir. 2002). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provided medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). However, the deliberate indifference test is not an easy test for a plaintiff to satisfy. *Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) ("The Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. Rather, the Eighth Amendment proscribes the unnecessary and wanton infliction of pain. . . .").

The test for deliberate indifference contains two parts. "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096. "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* Such deliberate indifference is shown by proving (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id.* However, "an 'inadvertent or negligent failure to provide adequate medical care' alone does not state a claim under § 1983." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor

medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.").

Plaintiff's claims in this case arise out of three separate grievances: 20062954177, 20062949849, and 20062943289. The Court will assess each of these grievances in turn.

**A. Claim Arising from Grievance No. 20062954177**

With this claim, Plaintiff alleges that prison medical staff demonstrated deliberate indifference to her medical needs by refusing to provide her with several prescriptions used to treat her autoimmune diseases and failing to treat her severe pain. (Compl. 18:9-14). Even after receiving Plaintiff's grievance raising these issues, Plaintiff alleges that Defendants failed to take action to provide her with an appropriate course of treatment. (*Id.* at 18:24-27).

However, NDOC Defendants have produced evidence, undisputed by Plaintiff, showing that during the time in question, Plaintiff was residing in a 24-hour hospital ward in which she had constant access to medical professionals. (Inmate Grievance Report, Ex. L to Mot.). Moreover, Defendants have provided medical records demonstrating that she received prescriptions on a daily basis, and that she was assessed by medical personnel at least once daily between December 17 and December 31, 2012. *See* (Medical Record, Ex. O to Mot.); (Progress Notes, Ex. P to Mot).

As she was receiving consistent medical care during the time relevant to her grievance, Plaintiff's contentions amount to nothing more than a disagreement regarding the appropriate course of treatment. It is well established that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose

this course in conscious disregard of an excessive risk to [the plaintiff's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, Plaintiff does not dispute that she was frequently attended to by the medical staff of the 24-hour ward in which she resided. Furthermore, Plaintiff presents no evidence showing that the medical staff disregarded a risk to her health with course of treatment that they selected. Accordingly, the Court finds that Plaintiff has failed to raise a genuine issue of material fact as to her claim arising out of grievance number 20062954177.

**B. Claim Arising from Grievance No. 20062949849**

With this claim, Plaintiff alleges that Defendants demonstrated deliberate indifference to her medical needs by refusing to administer cystocele surgery to treat vaginal bleeding. (Compl. 22:12-24). She claims that two years before the filing of her grievance on September 21, 2012, a gynecologist had informed her that she had an immediate need for the surgery. (*Id.* at 22:13-15). However, a review of Plaintiff's grievance reveals that Plaintiff did not describe her symptoms at that time or convey that she thought she needed surgery. (Sept. 21, 2014 Grievance, Ex. D to Mot.). Instead, the grievance requested only that Plaintiff be allowed to schedule an appointment with a specific gynecologist to whom she had been referred as a result of vaginal bleeding that had occurred two months prior. (*Id.*).

Though Plaintiff may sincerely believe cystocele surgery would alleviate her symptoms, the evidence in the record does not demonstrate that Defendants were deliberately indifferent to her medical needs. Indeed, between August 8 and October 21, 2012, the evidence shows that Plaintiff was seen by a doctor seven times, (Physician's Orders, Ex. I to Mot.), and other medical staff thirteen times, (Medical Notes, Ex. J to Mot.). The records from these visits note several symptoms affecting Plaintiff and also make clear that the medical staff were pursuing many different courses of treatment for Plaintiff's afflictions, but, conspicuously, there is no documentation demonstrating that Plaintiff was suffering from vaginal bleeding at that time.

Because there is no evidence in the record to substantiate Plaintiff's allegations regarding her symptoms, Plaintiff has failed to show that NDOC Defendants were deliberately indifferent to a serious medical need.

In addition, because Plaintiff was consistently given access to medical care at the time she filed her grievance, the decision not to administer cystocele surgery demonstrates a mere difference of opinion between Plaintiff and the medical staff. Therefore, as there is no evidence in the record demonstrating that the course of treatment chosen by the prison's medical professionals was medically unacceptable, NDOC Defendants' Motion will be granted as to this claim. *See Jackson*, 90 F.3d at 332.

**C.  Claim Arising from Grievance No. 20062943289**

In her final claim, Plaintiff alleges that Defendants failed to provide her with a prescription for Premarin vaginal cream, and instead recommended that Plaintiff use over-the-counter lubricants and lotions to treat her connective tissue disease. (Compl. 24:10-16). Plaintiff's grievance regarding this issue was filed on May 21, 2012. In response to her grievance, prison staff told Plaintiff that her prescription had expired and that further use was not medically necessary, observing that positive results had been obtained with over-the-counter products. (Inmate Grievance Report, Ex. B to Mot.).

This claim represents another instance in which Plaintiff disagreed with the medical staff regarding the appropriate course of treatment. Though she appears to believe that Premarin would have been the best option to treat her condition, she acknowledges that the staff considered her request and responded by stating that their research showed that a renewal of the Premarin prescription was not warranted. (Compl. 24:20-23). Plaintiff fails to demonstrate that turning to over-the-counter lotions and lubricants for treatment was medically unacceptable under the circumstances, and thus the Court finds that summary judgment is warranted as to this claim. *See Jackson*, 90 F.3d at 332.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment, (ECF No. 36), is **GRANTED**. Summary judgment is granted in favor of Defendants Robert Bruce Bannister, Beebe Clark, and Robert Faulkner as to Plaintiff's remaining claims.

**DATED** this __26__ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge